## The State *vs.* Isaac Sturdivant.

To maintain an *indictment* for the obstruction of a " town and private way," it must be shown, that such way was laid out and established, pursuant to the statute provisions. Proof of a user as such for twenty years or more, is not sufficient.

The indictment alleged, " that there is now, and long before, and at the time of the obstruction and nuisance herein after mentioned, there was a town and private way in the town and city of *Portland*, leading," &c. " which said town and private way is, and for a long time past, has been, known by the name of *Lime Street*, for all the inhabitants and citizens of said town and city to go, return, pass and repass in and along the same, at their will and pleasure," and that *Sturdivant* had created a nuisance in that street, by erecting and continuing a fence therein. At the trial before Shepley J., there was testimony tending to prove, that the street had been travelled and used as a street, for more than twenty years before *Sturdivant* removed his fence more westerly into the street.

The jury were instructed, that if they were satisfied, from the testimony, that the street had been so travelled and used as a street, for more than twenty successive years before the removal of the fence, that it thereby became a public street, whether so laid out or not, and that the defendant could not afterward legally remove the fence into the street.

There was some testimony tending to prove, that the street had been dug up and extended easterly so as to be the occasion of throwing down the fence of the defendant for a portion of the dis-

tance where it had been removed more westerly than it formerly stood, but it did not appear by whose authority this was done. The counsel for the defendant contended, that if the incumbrance or nuisance had been abated since the finding of the indictment, it could no longer be maintained. The jury were instructed, that no such question could arise for their consideration, unless they were satisfied, from the testimony, that the whole of the incumbrance which existed at the time of finding the indictment, had been abated or removed, and that it had been done by some one having competent authority. The verdict of guilty was to be set aside, if the jury were erroneously instructed.

*A. Haines*, for *Sturdivant*, contended:

That the first instruction of the Judge to the jury was erroneous. The indictment is for erecting a nuisance on a town and private way. The authorities clearly show, that a *grant* of a *public highway*, may be presumed by user by the public for twenty years, and that a *record* of the establishment of a *public highway*, may be presumed by user by the public for more than twenty years; but that neither *grant* nor *prescription* is to be presumed by any user whatever, in favor of *a town or private way*. If the charge in the indictment had been, the erecting of a nuisance upon a *public highway*, the instruction would have been correct; but being applied to erecting a nuisance upon a town or private way, it is erroneous. *Com.* v. *Newbury,* 2 *Pick.* 51; *Com.* v. *Low,* 3 *Pick.* 408; *Howard* v. *Hutchinson,* 1 *Fairf.* 335; *Dennett* v. *Hopkinson,* 2 *Shepl.* 341; *Stedman* v. *Southbridge,* 17 *Pick.* 162. Our statute being a transcript of that of *Massachusetts,* the decisions there are equally applicable here.

The acquisition, by a town, of a right of way by grant, or by such user as presumes a grant, creates a mere *private way,* and a nuisance on a *private way,* so created, is not indictable. *Com.* v. *Low,* 3 *Pick.* 408. The town ways and private ways contemplated by the twenty-sixth section of the *stat.* of 1821, *c.* 118, concerning highways, are town ways and private ways laid out agreeably to the provisions of the ninth section of the same statute.

*Longfellow,* City Solicitor, for the *State,* said, that the points

now raised, were not made at the trial. There was an attempt to show a laying out of the street by law, and failing in that, testimony, to show a way by prescription, was introduced and admitted. No reference was made to the indictment, and the distinction now set up was not then taken.

There is, however, no ground for the distinction. The regular laying out of a highway or town way, may be presumed from its having been used as such for twenty years. · Gayetty v. Bethune, 14 Mass. R. 49. The way is public for the use of all travelers, and not a mere personal privilege of the inhabitants of Portland. This has been so held by our own Court. The case Todd v. Rome, 2 Greenl. 55, decides, that proof of the user of a town road for twenty years, is sufficient for the jury to presume, that a road was laid out, and to subject the town to all the legal consequences attendant upon injuries occasioned by obstructions therein, for which the town is responsible. The Com. v. Newbury is merely the case of an obstruction of a foot path acquired by certain individuals by prescription ; the mere violation of an individual right.

Wherever a public way is obstructed, whether town or county, an indictment lies ; but where it is the infraction of a mere private right, it does not. Stedman v. Southbridge, 17 Pick. 162.

*Daveis,* for *Sturdivant,* replied.

The opinion of the Court was drawn up by

WESTON C. J. — The defendant is charged with having obstructed a certain town or private way, in the city of *Portland,* described in the indictment, over and through which, it is there alleged, all the inhabitants of that city have a right to pass. The point taken at the trial, relative to the abatement of the nuisance, and its effect, is not insisted on by the counsel. The remaining question is, whether there was competent proof of the existence of the way set forth in the indictment. The mode of locating ways of this description, is provided by the *statute* of 1821, *c.* 118, § 9. The same mode existed in the statute laws of *Massachusetts,* prior to the separation. It having been proved at the trial, that the way had been used, as such, for more than twenty years, if located in pursuance of the statute, it must have been under the

statute of *Massachusetts*. As, however, in this particular, the one is a transcript of the other, both must receive the same construction.

The existence of a public highway, may be proved by a user of twenty years ; but it has been decided, in *Massachusetts*, that a town or private way cannot be thus proved. A strong intimation to this effect is given by *Parker C. J.*, speaking for a majority of the Court, *Putnam J.* dissenting, in the *Com.* v. *Newbury*, 2 *Pick.* 51. But in the case of the *Com.* v. *Low*, 3 *Pick.* 408, the point was directly decided, without any dissenting opinion, although *Putnam J.* was present. It was there held, that a town may become seized of a way by grant, prescription, or reservation, or from long continued occupation, from which a grant may be presumed. But it was further held, that if such a way be obstructed, no indictment will lie for the obstruction, nor will the town be liable to punishment for neglecting to repair it. But the point directly decided was, that a town way could only be established in the statute mode, and was not proved by evidence of user. By which is to be understood, such a town way as the town is bound to repair, an obstruction to which is an indictable offence.

A *dictum* of *Shaw C. J.* in *Stedman* v. *Southbridge*, 17 *Pick.* 162, may seem to have a different bearing, but may be reconciled, by referring his intimation to a right of way, which, according to the former opinion, a town might acquire, for neglecting or obstructing which, however, it was held no indictment would lie. In the case last cited, which was a civil action, the town was held liable, not upon the averment that it was a town way, but upon an averment in another count, that it was a road, which was held to mean a public highway. We do not, therefore, regard that case as impairing the authority of the *Com.* v. *Low*. There is no reason, which could sustain that decision, which does not apply with equal force in this State. The laws of both States have a common source, and they have not been changed here by the legislative power. And upon the whole, we perceive no just reason why we should come to a different conclusion. The existence of the way alleged, not having been established by competent proof, the verdict is set aside and a new trial granted.